■ In the Matter of the Estate of Blanche L. Parsons, Deceased. Mary R. Correia, as Conservator of Blanche L. Parsons, Deceased, Respondent; Don L. Parsons, Individually and as Executor of Blanche L. Parsons, Deceased, Appellant.—In a proceeding for judicial settlement of the final account of a conservator, the appeal is from so much of a judgment of the Supreme Court, Westchester County, dated May 11, 1979, as decreed that the court had jurisdiction of all issues and directed that certain moneys be divided equally between the petitioner conservator and appellant, the executor of the estate of the deceased conservatee. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. Special Term had jurisdiction to determine the conservator's claim against the appellant for contribution to the expenses of the conservatorship. (See *Matter of Ferguson,* 282 App Div 701, mots for lv to app den 282 App Div 840, and 306 NY 981; cf. *Matter of O'Shea,* 28 AD2d 977.) Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.

■ In the Matter of Elba Sabat, Appellant, v Geronimo Sabat, Respondent.—In a proceeding pursuant to article 4 of the Family Court Act, the petitioner wife appeals from an order of the Family Court, Kings County, dated November 28, 1978, which dismissed her application for custody and support and granted her visitation with the parties' children who reside with their father. Order reversed, on the law, with costs and proceeding remitted to the Family Court for a new hearing and determination on all issues, in accordance herewith. The Family Court proceeded to determine custody without advising appellant of her rights to counsel, to an adjournment to confer with counsel, and to have counsel assigned if she were financially unable to obtain the same. This was reversible error. (See Family Ct Act, § 262, subd [a], par [v]; cf. *Garrow v Garrow,* 61 AD2d 887.) Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.