■ In the Matter of Sylvia M. King, Appellant, v Patrick M. Mitchell, Respondent. (And Another Related Proceeding.) [645 NYS2d 570] —Mercure, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered August 25, 1995, which, *inter alia*, dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 6, for a modification of a prior custody order.

The parties have one child, born in 1983. Subsequent to their divorce in 1988, respondent petitioned for custody and petitioner cross-petitioned for an order permitting her to relocate to Florida with the child. Following a hearing conducted in 1994, Family Court established joint custody of the child, with primary physical custody to petitioner. Finding no exceptional circumstances to justify petitioner's relocation to Florida, however, Family Court prohibited petitioner from removing the child from Clinton County without respondent's written consent or a court order. In May 1995, petitioner filed a petition seeking modification of Family Court's custody order so as to permit her relocation with the child to the Boston, Massachusetts area. Family Court dismissed the petition without a hearing upon the ground that there was no showing of circumstances different from those shown in the earlier proceeding. Petitioner appeals.

During the pendency of the appeal, the Court of Appeals handed down *Matter of Tropea v Tropea* (87 NY2d 727), in which it repudiated the prior three-tiered analysis applied in

relocation cases, under which courts would first consider whether the proposed relocation would deprive the noncustodial parent of "regular and meaningful access to the child" (*see, e.g., Matter of Lake v Lake*, 192 AD2d 751, 753), as Family Court did in this case. Under the *Tropea* standard, "each relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances * * * with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea, supra,* at 739; *see, Matter of Harder v Yandoh*, 228 AD2d 814). Because Family Court's analysis did not extend beyond the question of "exceptional circumstances" and the parties had no opportunity to present evidence relevant to the current standard, we are constrained to reverse Family Court's order and remit the matter for an evidentiary hearing and de novo determination. Under the circumstances, the parties' remaining contentions have been rendered academic.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.