■ DAVID A. CAGANEK, Respondent, v LESLEY S. CAGANEK,
Appellant. [650 NYS2d 365] —Mercure, J. Appeal from an order
of the Supreme Court (Monserrate, J.), entered October 23,
1995 in Broome County, which granted plaintiff custody of the
parties' children.

During the pendency of this action for a divorce, plaintiff
sought an order granting him custody of the parties' children
(aged three and one).* Following the appointment of a Law
Guardian and a fact-finding hearing, Supreme Court granted
the application and authorized plaintiff's relocation with the
children to Texas. Defendant appeals and we now affirm.

Based upon our review of the record, we conclude that, al-
though predating the decision of the Court of Appeals in *Mat-
ter of Tropea v Tropea* (87 NY2d 727), in its determination
Supreme Court gave appropriate consideration to the actual
best interests of the children (*compare*, *Matter of Clark v Wil-
liams*, 229 AD2d 686, *with Matter of King v Mitchell*, 229 AD2d
710). As for Supreme Court's application of that standard, we
agree with its conclusion that, given the fact that plaintiff's
employer was closing its local facility and relocating plaintiff's
project (and plaintiff's $43,000 a year job) to Texas, plaintiff
was faced with a choice of either relocating with his project
team or joining the ranks of unemployed computer engineers
in the Broome County area. It necessarily follows that the
relocation was, as a practical matter, unavoidable and that,
regardless of whether Supreme Court granted custody to

* Contrary to the express requirement of CPLR 5526, the record on appeal
contains neither the pleadings in the action for divorce nor the papers sup-
porting and opposing plaintiff's application for custody. Nonetheless, neither
plaintiff nor the Law Guardian has objected to this omission and we have
been able to ascertain many of the underlying facts from Supreme Court's
detailed decision, the transcript of the October 2, 1995 hearing and the par-
ties' briefs. It appears that although plaintiff initially moved for temporary
custody, in view of plaintiff's forthcoming transfer to Texas and in further-
ance of judicial economy, a fact-finding hearing was conducted and the issue
of permanent custody determined by Supreme Court prior to the judgment of
divorce.

...intiff or to defendant, the children were going to be deprived of frequent contact with one of their parents. Under the circumstances and particularly in view of the fact that this is an initial custody proceeding, the inquiry properly centered on the question of which parent was the more fit custodian (see, *Eschbach v Eschbach*, 56 NY2d 167, 174; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94), and the record provided ample support for Supreme Court's finding that the children's best interests would be served by an award of custody to plaintiff (see, supra).

Notably, as found by Supreme Court, defendant proved herself to be immature and irresponsible, making credit purchases of a new car, washer and dryer and television despite the parties' admitted "dire" financial condition, being evicted from her apartment as a result of her issuance of bad checks to the landlord, breaking into the marital residence following the parties' separation to steal food and other items, "going out with the girls" every Saturday night without fail and drinking alcoholic beverages even though she suffers from diabetes and her blood sugar levels had been "out of whack" for the past six months. In contrast, defendant acknowledged that plaintiff was a "wonderful father" and admitted that his parents, who would likely join him in Texas, had always served as the children's primary caregivers. We also agree with Supreme Court's observation that defendant could improve the situation by transferring her employment with Jenny Craig, a nationwide weight control service, to a location less distant from Texas (see, *Matter of Tropea v Tropea, supra*, at 740).

As a final matter, defendant's concern that her financial circumstances, the distance between Broome County and Texas, and Supreme Court's provision for visitation with the children "as liberal and extensive * * * as is practicable under the circumstances" will effectively deprive her of frequent and regular access to the children should be addressed in an application to Supreme Court for more specific visitation, including provision for payment of the expenses thereof, if and when plaintiff relocates to Texas, based upon the circumstances then in effect.

Defendant's further contentions have been considered and found unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.