■ In the Matter of ROBERT FEHR, Respondent, v RUTH IMM, Appellant. [651 NYS2d 952] —Cardona, P. J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered March 6, 1995, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 6, to, *inter alia*, relocate with the parties' children to another State.

The parties, who have never married, have two children, Isabelle, born in 1992, and Taylor, born in 1993. On September 29, 1994, petitioner filed for custody. Respondent answered and cross-petitioned for custody and permission to relocate with the children to California. In July 1991, the parties met in California when respondent was 15 years old and petitioner 19 years old. At the time of the hearing in January 1995, petitioner was 23 years old and respondent 19 years old. They reside separately within the same trailer park in the City of Plattsburgh, Clinton County.

Following the hearing, Family Court, *inter alia*, established custody in respondent and granted liberal and reasonable visitation to petitioner. Finding no "exceptional circumstances", however, the court denied respondent's application to

relocate to California* with the children. On January 25, 1995, two weeks later, respondent filed a petition seeking to modify the visitation provisions. Petitioner moved to dismiss the petition and Family Court granted that motion, without a hearing, finding again that relocation was not warranted in the absence of "exceptional circumstances" nor without a showing that such was in the "best interests" of the children. Respondent appeals.

We note that the hearing and motion to dismiss the subsequent modification petition were decided under the three-tiered analysis formerly applied in relocation cases, "under which courts would first consider whether the proposed relocation would deprive the noncustodial parent of 'regular and meaningful access to the child' " (*Matter of King v Mitchell*, 229 AD2d 710, 711, quoting *Matter of Lake v Lake*, 192 AD2d 751, 753). After Family Court rendered its decisions, the Court of Appeals in *Matter of Tropea v Tropea* (87 NY2d 727) embraced an open-ended balancing approach (*see, Matter of King v Mitchell, supra*, at 711) and enunciated a new standard where "each relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances * * * with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea, supra*, at 739). Although, in denying respondent's modification petition, Family Court stated that there was no showing that relocation was in the children's "best interests", nevertheless, it is clear from our review of the record that the court's inquiry stalled at the "exceptional circumstances" threshold and never extended into the salient "best interests" question (*see, supra*, at 741; *Matter of King v Mitchell, supra*, at 711). Thus, the parties did not have the "opportunity to present evidence relevant to the current standard" (*Matter of King v Mitchell, supra*, at 711). Under such circumstances we have found it necessary to reverse Family Court's order and remit for a de novo hearing on the relocation issue (*see, supra*).

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.

---

* Evidence showed that the parties moved back and forth between California and Plattsburgh four times in the period from April 1992 until August 1993 and, while in California, resided primarily with respondent's parents or petitioner's grandmother.