In the Matter of CYNTHIA HUFF, Appellant, v SAM KEELY, Respondent. [659 NYS2d 111] —Cardona, P. J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered December 13, 1995, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to relocate with the parties' children to another State.

The parties, who have never married, had two children, Matthew, born in 1988, and Alexander, born in 1992. On March 30, 1996, Matthew died in a fire at respondent's home. Prior to this tragedy, on May 18, 1995 petitioner, the primary custodial parent, filed a petition[1] seeking permission to relocate with the children from the Village of Waverly, Tioga County, where respondent continued to reside, to Philadelphia, Pennsylvania. Thereafter, but before any judicial action was taken on her petition, petitioner moved out of New York to Harleysville, Pennsylvania, approximately 170 miles from Waverly.

Respondent moved to dismiss the petition and subsequently filed his own petition seeking, *inter alia*, sole custody of the children. Following a hearing, Family Court dismissed the relocation petition, denied respondent's custody petition and directed petitioner to return with the children to New York by January 1, 1996.[2] Petitioner appeals.

Petitioner contends that Family Court erred in dismissing her relocation petition because it based its decision on a finding that she did not make adequate attempts to obtain employment in Tioga County, a showing required under the now-defunct "exceptional circumstances" test, instead of determining whether the move was in the best interests of the children in accordance with *Matter of Tropea v Tropea* (87 NY2d 727), decided by the Court of Appeals after Family Court rendered its decision.

Our review of the record reveals that Family Court did not place predominant emphasis on the actual best interests of the children (*compare, Caganek v Caganek*, 233 AD2d 701) when it passed upon petitioner's relocation request. While noting that

1. Petitioner subsequently filed an amended relocation petition.
2. Petitioner's motion for a stay pending appeal was denied in January 1996.

Pennsylvania presented a "golden opportunity" to petitioner, the court's inquiry on the relocation issue nevertheless "stalled at the 'exceptional circumstances' threshold" (*Matter of Fehr v Imm*, 234 AD2d 860, 861),[3] prompting denial of that application.

Because the record reflects that Family Court based its determination of respondent's custody petition upon the children's best interests, petitioner argues that there is sufficient evidence to enable us to now engage in a best interests analysis to resolve the relocation issue without the need for remittal (*see, e.g., Matter of Mendoza v Adamson*, 238 AD2d 737; *Matter of King v Mitchell*, 229 AD2d 710). We disagree. Based upon this record, Alexander's best interest must be re-evaluated in light of the death of his only sibling and other considerations, necessitating a further evidentiary hearing and a de novo determination.

Mercure, Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision.

---

3. In dismissing the relocation petitions Family Court specifically noted: "You have had to prove exceptional circumstances as part and parcel of your case. I find that you have not established that part of your case."