■ In the Matter of MICHAEL W. HALLETT, Appellant, v KATINA M. MORSE, Also Known as KATINA M. FIELDS, Respondent. [664 NYS2d 155] —Cardona, P. J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered August 7, 1995, which, inter alia, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

The parties, who never married, have one child, born in 1991. The child has continuously resided with respondent since birth. In January 1994, the parties agreed to an order awarding custody of the child to respondent with visitation to petitioner. In February 1994, respondent relocated with the child to Nevada without informing petitioner of their whereabouts. In May 1994, petitioner commenced this proceeding to modify custody. Respondent answered and cross-petitioned for an order permitting the child's relocation. At the outset of the hearing, the parties stipulated to bifurcate the relocation and custody issues. Following the close of testimony, Family Court determined that respondent established "exceptional circumstances" for the move based on economic necessity. The parties then stipulated that custody would remain with respondent pending appeal and subject to a new visitation schedule for petitioner. Petitioner appeals.

Since the trial of this matter, the Court of Appeals has

repudiated the three-tiered meaningful access-exceptional circumstances analysis and "adopted an open-ended balancing approach, one which considers each relocation request 'on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child' " (*Matter of Sandman v Sandman*, 228 AD2d 809, 810, quoting *Matter of Tropea v Tropea*, 87 NY2d 727, 739). These factors include but are not limited to "the impact of the relocation on the current and future relationship between the child and the noncustodial parent, the reason for such move (no longer limited by economic necessity or a specific health-related concern), whether a revision of the visitation schedule could promote a meaningful parent-child relationship, the lifestyle that the [child] will have if the proposed move was permitted and the negative impact, if any, which will result due to the continued hostility between the parents * * * [and] '* * * the possibility and feasibility of a parallel move by an involved and committed noncustodial parent as an alternative to restricting a custodial parent's mobility' " (*Matter of Harder v Yandoh*, 228 AD2d 814, 816, quoting *Matter of Tropea v Tropea*, 87 NY2d 727, 740, *supra* [citation omitted]). Our review of the record reveals that the court's analysis never extended "beyond the question of 'exceptional circumstances' and the parties had no opportunity to present evidence relevant to the current standard" (*Matter of King v Mitchell*, 229 AD2d 710, 711; *see*, *Matter of Fehr v Imm*, 234 AD2d 860). Accordingly, we are constrained to reverse Family Court's order and remit the matter for an evidentiary hearing and de novo determination (*see*, *Matter of King v Mitchell, supra*; *Matter of Fehr v Imm, supra*).

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.