██ In the Matter of LINDA K. MAHONEY, Respondent, v JAMES J. DORING, Appellant. [685 NYS2d 153] —Order unanimously reversed on the law without costs and matter remitted to Oswego County Family Court for further proceedings in accordance with the following Memorandum: Respondent appeals from an order granting petitioner's application to modify custody to permit petitioner to relocate with the parties' children from Oswego County to Erie County and denying the cross petition for a transfer of custody to respondent.

Family Court improvidently exercised its discretion in directing respondent to proceed at the hearing without counsel (see, Matter of Patricia L. v Steven L., 119 AD2d 221, 224-226; Mat-

*ter of Sabat v Sabat*, 72 AD2d 585). Respondent's counsel wrote to inform the court that he had been called for jury duty and might be unavailable on September 10, the date scheduled for resumption of the hearing. On that date, counsel's secretary telephoned the court to report that counsel had been excused from jury duty that morning and would be available that afternoon. The same secretary phoned again a few minutes later to report that, although counsel had been excused for that morning, he still remained "on call" for jury duty and would be unavailable for that afternoon's hearing. Based on its own investigation into counsel's jury duty, the court concluded that counsel was guilty of an "apparent" or "possible" "misrepresentation". The court directed respondent to conclude his testimony and present witnesses, despite repeated protests by respondent that he was unprepared to do so in the absence of counsel. The court's handling of the matter deprived respondent of his fundamental right to counsel, a right guaranteed in custody cases by statute and case law (*see,* Family Ct Act §§ 261, 262 [a] [iii], [v]; *Matter of Patricia L. v Steven L., supra,* at 224; *Matter of De Vivo v Burrell,* 101 AD2d 607; *Matter of Jackson v Lee,* 96 AD2d 760; *Matter of Sabat v Sabat, supra,* at 585). The court should have inquired further before labeling respondent's counsel a liar and, in any event, should not have directed respondent to proceed immediately without counsel (*see, Matter of Patricia L. v Steven L., supra,* at 225-226). Because of the court's precipitous action, the matter must be remitted for a new hearing.

In reversing the order, we note that the record contains insufficient evidence justifying petitioner's relocation with the children from Oswego County to Erie County (*see, Sawyer v Sawyer,* 242 AD2d 969, 972-973; *Matter of Burnham v Basta,* 241 AD2d 628, 630-631, *lv denied* 90 NY2d 812; *Matter of Huff v Keely,* 240 AD2d 865; *see generally, Matter of Tropea v Tropea,* 87 NY2d 727, 739-741). Nor does the court's decision cite sufficient reasons for determining that it is in the children's best interests to relocate with petitioner (*see, Matter of Tropea v Tropea, supra,* at 739). Such relocation is in derogation of the parties' separation agreement and, on this record, unjustifiably interferes with the joint right of respondent and his children " 'to enjoy regular, frequent and meaningful visitation' " (*Sawyer v Sawyer, supra,* at 972, quoting *Richardson v Howard,* 135 AD2d 1140). Because 15 months have passed since the hearing, and because the children may have become established in their new home in the interim, we decline to award custody to respondent outright. Further inquiry into the current circumstances of the parties and the best interests of

the children is required, and we therefore remit the matter to Oswego County Family Court for a new hearing and determination before a different Judge (*see, Matter of Huff v Keely, supra,* at 866). (Appeal from Order of Oswego County Family Court, Roman, J.—Custody.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.