■ CALDWELL DEVELOPMENT CORP., Appellant, v MAPLEPORT ASSOCIATES, INC., et al., Defendants-Respondents and Third-Party Plaintiffs-Respondents, et al., Defendant. WESTLEY CONSTRUCTION SERVICES, INC., Third-Party Defendant-Appellant.—Orders unanimously affirmed, with costs. Memorandum: The third-party defendant and plaintiff jointly moved to vacate the note of issue and statement of readiness within 20 days from the filing thereof by defendants/third-party plaintiffs (see Uniform Calendar and Practice Rules of the Fourth Department, 22 NYCRR 1024.4 [e]). The motion was made approximately 15 months after issue had been joined in the primary action and approximately 7 months after issue had been joined in the third-party action. It was premised upon the claim that pretrial discovery proceedings had not been completed and the actions were not ready for trial. The defendants/third-party plaintiffs had completed extensive interrogatories of both plaintiff and third-party defendant before filing the certificate of readiness but no effort had been made by plaintiff or third-party defendant to pursue pretrial discovery. On the return date of the motion, as noted on the original motion papers, the calendar Justice adjourned the matter until April 18, 1977 "for completion of pretrial interrogs." On the adjourned date the matter came on before Justice Theodore S. Kasler at Special Term and both plaintiff and third-party defendant failed to appear. Since neither had served interrogatories prior to the adjourned date, Justice Kasler denied the motion. Two weeks later the third-party defendant, again joined by plaintiff, moved to vacate the order of April 18, 1977 and renewed their motion to vacate the note of issue and certificate of readiness. The matter was again referred to Justice Kasler (CPLR 2221) who denied the motion. Plaintiff and third-party defendant appeal from the order entered thereon and also from the order of April 18, 1977. In adjourning the motion and granting the movants a reasonable opportunity to complete pretrial discovery, the calendar Justice judiciously sought to expedite the trial of the issues without jeopardizing the rights of the parties. Third-party defendant and plaintiff not only failed to take advantage of such opportunity but it may be concluded on the papers before us that they intentionally delayed, respectively, the service of a notice of examination before trial and the service of interrogatories, both of which apparently were prepared well in advance of the adjourned date of their motion. Additionally, it appears that they have otherwise delayed the progress of this case by seeking multiple extensions of time and by forcing the defendants/third-party plaintiffs to move to compel the service of answers to interrogatories after defendants/third-party plaintiffs had agreed to extensions of time for such service. In light of the failure of plaintiff and third-party defendant to pursue their judicially authorized remedy, and since it may be said on this record that they had ample opportunity to seek pretrial discovery before the filing of the certificate of readiness (see *Northern Lbr. Co. v United States Natural Resources,* 47 AD2d 593; *Marzello v Kiamesha Concord,* 26 AD2d 986), it was not an abuse of discretion to deny their motions. (Appeals from orders of Erie Supreme Court—vacate note of issue.) Present—Marsh, P. J., Moule, Dillon and Witmer, JJ.