## (October 23, 1980)

■ NINTH FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK CITY, Respondent, v QUOTE ME, INC., Appellant.—Order, Supreme Court, New York County, entered April 11, 1980, denying defendant's motion to set aside a default judgment and the judgment entered April 16, 1980, in plaintiff's favor, unanimously reversed, on the law, and in the exercise of discretion, without costs or disbursements, the motion granted and the judgment vacated. As this matter was about to proceed to trial without a jury, defendant's attorney, stating "I am probably the main witness for the defendant in this action", requested permission to participate both `as trial counsel and as a witness. Citing DR 5-102 of the Code of Professional Responsibility, the court ruled that it would refuse to permit counsel to testify if he participated in the trial as 'defendant's attorney. While conceding that he had been aware of the ethical requirement that an attorney withdraw from the conduct of a trial when it becomes apparent that he ought to be called as a witness on his client's behalf, counsel explained that his firm, of which he was but an associate,· had believed that the case would be settled. Moreover, he had thought the firm would engage outside counsel. In addition, neither he nor his adversary expected the case to be reached for trial that day. When counsel stated that he had sought but was refused an adjournment in the calendar part, the court responded, "So I have no alternative but to proceed with the case." Faced with the dilemma of not being permitted to testify if he continued to represent defendant, and being denied an adjournment to engage trial counsel, the attorney refused to participate further and left the courtroom. The matter immediately proceeded to inquest, at which plaintiff was awarded $125,559.18. Judgment was subsequently entered. We find that the court improvidently exercised its discretion in denying defendant a reasonable adjournment to engage other trial counsel. Counsel's testimony was, as the court was aware, crucial to defendant's case. The matter had been on the Trial Calendar for but three months and had only been adjourned twice. No suggestion of prejudice to plaintiff was evident. In fact, its attorney did not oppose adjournment. The law favors the resolution of cases on the merits. "Reason and justice dictate that a party be afforded its day in court" (Kahn v Stamp, 52 AD2d

748). While it is true that justice delayed is justice denied, expedition of cases should not become an end in itself. The court was undoubtedly affected at what it perceived to be counsel's dilatory tactics, but in the circumstances presented we believe that a final adjournment should have been granted. Concur—Fein, J. P., Sullivan, Lupiano and Bloom, JJ.