■ ALEX ALIKSANYAN, Also Known as ALEX ALEXANDER, Respondent, v SVERRE O. SUNDMAN et al., Appellants. — Order, Supreme Court, New York County (David H. Edwards, Jr., J.) entered June 3, 1983, which granted plaintiff's motion to set this matter down for an inquest and an assessment of damages, is unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion denied, upon condition that defendants' counsel pay an additional $750 in costs to plaintiff's counsel and that, within 20 days after service of a copy of this order by plaintiff on defendants' counsel, the defendants produce for discovery and inspection by plaintiff all of the documents referred to in Justice Edwards' order, dated March 17, 1983, without costs. This is an action for a breach of contract and defamation. In July, 1982 plaintiff served defendants with a notice for discovery and inspection, which sought the production of various books and records. When defendants did not comply, plaintiff in September, 1982 moved to strike defendants' pleadings, and Special Term in October granted plaintiff's motion, "unless defendants produce the requested documents and records within fifteen days after service of the copy of this order". It is undisputed that the defendants did not timely respond to Special Term's order. Thus, in December, 1982, defendants moved to vacate their default, and plaintiff cross-moved for dismissal of defendants' answer and for the direction of an inquest. Then Justice Edwards decided the motion and cross motion. In pertinent part this order, dated March 17, 1983, granted defendants' motion, upon condition that: (1) defendants "produce all of items called for by the October 18, 1982 [Special Term] Order, at the offices of [plaintiff's counsel] * * * on March 29, 1983 at 10:00 A.M. and (2) the attorneys for defendants personally pay to the attorneys for plaintiff the sum of $150.00 as costs and attorneys fees within ten (10) days of the date of service of this order with notice of entry." (Material in brackets added.) Defendants do not contest the fact that this order of Justice Edwards was published in the New York Law Journal on March 24, 1983, and the defendants' counsel admit that they did not see it. On April 7, 1983 plaintiff's counsel served defendants with a copy of the subject order, and defendants claimed that this is when they first learned of its existence. Even though the time for compliance with the terms of the order had passed, the defendants' counsel sent a $150 check to plaintiff's counsel. Despite accepting and retaining this check, plaintiff moved for an inquest and an assessment of damages. Subsequently, the court signed the instant order directing an inquest. We disagree. It is understandable that with this record of dilatory conduct by defendants, Special Term may have lost its patience. However, plaintiff not only accepted the checks for the costs but it has failed to show any prejudice which occurred during the short period that elapsed between the time that Justice Edwards' order was published and the time it was brought to defendants' counsel's attention. In our opinion, Special Term's sanction is too harsh. "The law favors the resolution of cases on the merits" (*Ninth Fed. Sav. & Loan Assn. v Quote Me,* 78 AD2d 619). Based upon the record, we find the appropriate sanction to be the imposition of additional

costs to the extent indicated. Concur — Kupferman, J. P., Sullivan, Ross, Carro and Milonas, JJ.