■ HOFFMAN MUSIC SHOP, INC., Appellant-Respondent, v HONEYWELL PROTECTION SERVICES, INC., Respondent-Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff's amended complaint, dated March 7, 1983, seeks recovery for damages for breach of contract resulting from the alleged failure of a burglar alarm system to function during a burglary of plaintiff's premises. The alarm system was installed by defendant's predecessor in interest. A second cause of action alleges that false and fraudulent statements were made to induce plaintiff to enter into the contract. Defendant's answer is dated March 28, 1983 and on June 14, 1983 plaintiff responded to defendant's demand for a bill of particulars, statements, and the names and addresses of witnesses. Plaintiff filed a note of issue and certificate of readiness on September 8, 1983.

In moving within 20 days to strike the case from the Trial Calendar (see 22 NYCRR 1024.4 [e]), defendant asserted that the case was not ready for trial and that pretrial proceedings had not been completed because defendant had difficulty locating the agents of its predecessor in order to procure information essential to a pretrial examination of plaintiff and other witnesses.

Special Term granted leave to defendant to conduct certain examinations before trial, thus implicitly finding that defendant did not have a reasonable opportunity to complete disclosure before plaintiff filed the note of issue and certificate of readiness. Upon such a finding, it was error for the court to deny defendant's motion to strike the case from the Trial Calendar (see *Rembert v Lipshutz,* 87 AD2d 1004; *Irish Constr. Co. v Standard Vending Corp.,* 47 AD2d 706; cf. *Dunn v Dunn,* 86 AD2d 772; *Caldwell Dev. Corp. v Mapleport Assoc.,* 60 AD2d 773). While that motion must be granted, we see no need to disturb those parts of the order appealed from which authorize examinations before trial of plaintiff's representatives, defendant and one Dennis Schoenfeld. (Appeals from order of Supreme Court, Monroe County, Rosenbloom, J. — discovery.) Present — Dillon, P. J., Callahan, Green, Moule and Schnepp, JJ.