■ PAUL STOCK, Appellant, v MONIQUE STOCK, Respondent. —In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered October 22, 1986, which denied his motion to vacate a judgment of divorce of the same court, dated August 4, 1986, which was entered upon the defendant's counterclaim following an inquest taken upon the plaintiff's default in appearing for trial.

Ordered that the order is reversed, in the exercise of discretion, without costs or disbursements, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the merits.

In this matrimonial action, where custody and visitation issues were hotly contested, and substantial assets subject to distribution where involved, it was an improvident exercise of the trial court's discretion to have imposed such onerous conditions upon the granting of the plaintiff husband's application for an adjournment, thereby penalizing him for exercising his right to change attorneys and causing him to default in the action *(see, Cuevas v Cuevas,* 110 AD2d 873). While we are sensitive to the fact that the efficient administration of justice cannot be subject to the whims and inordinate delays of litigants, and are not convinced that the failure in this case of the plaintiff's new attorney to be prepared for trial could not have been avoided, there is nothing in this record to indicate bad faith on the part of the plaintiff in seeking an adjournment. Under these circumstances, a fair opportunity should have been provided the plaintiff to have his case heard on the merits. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.