■ JADAR DEVELOPMENT CORP., Doing Business as R. D. COMPANY, Respondent, v LOUIS GREENSPAN, Doing Business as LONGREEN CONSTRUCTION COMPANY, Appellant. [646 NYS2d 828] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated August 29, 1995, which, af-

ter a nonjury trial, is in favor of the plaintiff and against him in the sum of $43,391.20.

Ordered that the judgment is reversed, as a matter of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial.

The Supreme Court improvidently exercised its discretion in denying the defendant's application for a short adjournment, thereby requiring that the defendant proceed to trial on a *pro se* basis. The defendant appeared in court for trial on Wednesday, May 24, 1995, and requested an adjournment. The defendant represented that he had changed attorneys and that his new attorney was out of town and would not be able to appear until after the upcoming Memorial Day weekend. The court asked the defendant if he was going to try the case himself, and the defendant responded negatively and stated "I'm not qualified". Nevertheless, the court denied the defendant's application, conducted a two-hour trial and ultimately awarded the plaintiff a total of $43,391.20 in damages for lost profits.

It is uncontroverted that the only previous adjournments which had been requested by the defendant were related to his cancer treatment and consequent hospitalization. The defendant merely requested an adjournment for a few days so as to allow him to appear for trial with an attorney. The record is devoid of any indication that the defendant's request was a dilatory litigation tactic. Although the granting of an adjournment is a matter which rests within the sound discretion of the trial court (*see, Treppeda v Treppeda,* 212 AD2d 592), under these circumstances, the court improvidently exercised its discretion in denying the defendant's request.

Since a new trial is to be held, we note that the plaintiff's entitlement to damages for lost profits shall be determined by application of the general rule enunciated in *Ashland Mgt. v Janien* (82 NY2d 395, 404). Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.