■ EARL BRUSTOWSKY et al., Appellants, v ABRAHAM HERBST et al., Respondents. [772 NYS2d 311]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 23, 2003, which denied plaintiff's application for an adjournment of the trial and dismissed the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the complaint reinstated, the parties directed to complete the deposition of defendant Herbst's brother and the exchange of transcripts of all pretrial depositions within 45 days of service of a copy of this order, with notice of entry, and the trial adjourned to a date to be set by the trial court.

This is an action seeking a declaration that plaintiff owns 60% of the outstanding shares of stock in Adorn Glass & Venetian Blind Corp., a closely held corporation, as well as damages in the sum of $256,545 against the individual defendant Herbst for breach of an alleged contract to purchase plaintiff's shares of stock in Adorn and related relief. The case was dismissed on June 16, 2003, at which time it had been pending for eight months and the parties had completed three sets of depositions and most of the discovery and inspection over the course of 10 weeks pursuant to an expedited discovery schedule, which the court had obligingly extended. No provision was made for an expedited exchange of deposition transcripts. Valuable time to complete discovery was expended in settlement negotiations as well as contempt proceedings based on an alleged violation by the defendant Herbst of a preliminary injunction.

As June 16, 2003, the date scheduled for trial, approached, with a deposition of defendant Herbst's brother, an alleged witness to the stock sale transaction, still to be taken and a transcript of plaintiff's deposition, which had been concluded weeks before, not yet furnished, plaintiff's counsel wrote to the court on June 12, 2003 explaining plaintiff's predicament and advising that an adjournment of the trial would be sought. All of these facts were presented to the trial court in oral argument on June 16, 2003, as well as the fact that defendants' counsel, who was advised in advance of the request to adjourn, had never even hinted that he would oppose the request. Nevertheless, he did so, vigorously. At the conclusion of argument, the trial court denied the adjournment and dismissed the complaint. While courts have the power to control their calendars and supervise disclosure so as to facilitate the resolution of cases, we find that, in the circumstances presented, the court improvidently exercised its discretion (*see Kamhi v Dependable Delivery Serv.,*

234 AD2d 34 [1996]; *Lipson v Dime Sav. Bank of N.Y.*, 203 AD2d 161 [1994]). Concur—Buckley, P.J., Mazzarelli, Saxe, Sullivan and Rosenberger, JJ.