■ SKR DESIGN GROUP, INC., Respondent, v LOUISE AVIDON, Appellant. [822 NYS2d 3]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 7, 2005, which, after inquest, awarded plaintiff a total of $41,995.16, unanimously reversed, on the law, with costs, the judgment vacated and the matter remanded to Supreme Court for further proceedings.

This action for money due under a construction contract for the remodeling of defendant's condominium apartment was commenced in June 2003. Following an unsuccessful attempt at mediation, the matter was placed on the trial ready calendar for an initial appearance before Judicial Hearing Officer (JHO) Ira Gammerman on July 12, 2005. On July 2, defendant's counsel

sustained severe herniation of two intravertebral lumbar discs. The matter was adjourned twice, on consent, while counsel underwent treatment with steroids, first administered orally and then by epidural injection, in an attempt to avoid surgery. However, before the adjourned date, it became apparent that the condition was not responding to conservative treatment, and surgery was performed on August 31, 2005.

Plaintiff's attorney refused to consent to a further adjournment unless the matter was marked "final" for September 19. Following the receipt of letters from both parties, the JHO marked the matter "final" for that date. On September 19, a doctor's letter stating that defense counsel was medically unable to appear for trial was presented to the JHO by counsel's law partner. When plaintiff would not consent to a further adjournment and counsel's partner advised the court that she had no trial experience, the JHO granted defendant a 48-hour adjournment to retain substitute trial counsel and marked the case "final" on the calendar for September 21.

On the trial date, defendant appeared by substitute counsel, who advised the JHO that he had been retained the previous afternoon and had not yet had an opportunity to review the file or to interview defendant and her retained architectural expert. Given the option either to proceed to trial or go to inquest, the attorney announced that defendant was ready for trial.

That afternoon, the parties appeared before the court for trial. Defendant's attorney sought to withdraw from the case because he needed additional preparation time. He argued that if the case had been marked ready for trial on any prior occasion, it would necessarily have been over the objection of counsel, who was undergoing treatment for a back condition that ultimately required surgery. The court denied leave to withdraw, stating that adjournment was the prerogative of the JHO, and he had decided that a 48-hour adjournment provided adequate time to prepare for trial. When the attorney responded that he could not proceed in good conscience and asked that defendant be permitted to dismiss her attorney and proceed pro se, the court denied the application and directed an inquest.

In the absence of any indication by plaintiff, even at this late juncture, that it would have been prejudiced by a delay in the commencement of trial, we discern no reason for the failure to grant a sufficient adjournment to permit defendant's counsel to recover from surgery. As an initial consideration, once a judicial proceeding has commenced, the judge to whom a case is assigned has exclusive jurisdiction over its conduct and may not delegate or surrender judicial authority over such issues as

adjournments (*Balogh v H.R.B. Caterers*, 88 AD2d 136, 142 [1982]). Therefore, it was incumbent upon Supreme Court to make a de novo determination of the merits of defendant's adjournment request.

A court is vested with broad discretion to control its calendar (*see People v Douglass*, 60 NY2d 194, 197 [1983]; *Basetti v Nour*, 287 AD2d 126 [2001]), and a motion for adjournment is generally addressed to the court's sound discretion (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Spodek v Lasser Stables*, 89 AD2d 892 [1982]). However, "[i]n deciding such a motion, the court must indulge in a balanced consideration of all relevant factors including the merit of the action, prejudice or lack thereof to the plaintiff, and intent or lack of intent to deliberately default or abandon the action" (*Wilson v Wilson*, 97 AD2d 897, 898 [1983]). Plaintiff did not demonstrate that it would be prejudiced by a delay of trial, defendant alleges that only half of the contracted renovation work was performed and that she incurred expenses to remedy unsatisfactory workmanship, and counsel's health was a factor entirely beyond defendant's control. Under these circumstances, we regard the failure to grant an adjournment to enable defendant to be represented by her chosen counsel to be an improvident exercise of discretion (*see Brustowsky v Herbst*, 4 AD3d 220, 221 [2004]). In addition, the trial court's denial of the request for an adjournment of sufficient duration to enable defendant's substitute counsel to prepare for trial effectively deprived defendant of the opportunity to present a defense to this action (*see Cuevas v Cuevas*, 110 AD2d 873, 877 [1985]; *Ninth Fed. Sav. & Loan Assn. of N.Y. City v Quote Me*, 78 AD2d 619 [1980]). Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.