■ Luz Cabral, Appellant, v Dagoberto Cabral, Respondent. [826 NYS2d 443]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated June 7, 2005, which, after a nonjury trial, equitably distributed the marital property and awarded child support in the sum of only $250 per month.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issues of equitable distribution of marital property and child support.

As a general rule, a motion for an adjournment is addressed to the sound discretion of the trial court (see *SKR Design Group, Inc. v Avidon*, 32 AD3d 697 [2006]; *York v York*, 250 AD2d 841 [1998]; *Saborio v Saborio*, 147 AD2d 468 [1989]; *Cuevas v Cuevas*, 110 AD2d 873 [1985]). In deciding such motions by a defendant, the court must engage in a balanced consideration of all relevant factors, including the merit of the action, prejudice or lack thereof to the plaintiff, and intent or lack of intent to deliberately default or abandon the action (see *SKR Design Group v Avidon, supra; York v York, supra; Wilson v Wilson*, 97 AD2d 897, 898 [1983]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the application for an adjournment made by the attorney who appeared on the defendant's behalf on the day of trial, and who had not had an opportunity to familiarize himself

with the history of the litigation or enter into a formal retainer agreement. The record reveals that the attorney who had represented the defendant throughout most of the action had passed away, and that a subsequently-retained attorney had been relieved by order dated December 9, 2004, approximately five weeks before the court denied prospective counsel's adjournment request. "While we are sensitive to the fact that the efficient administration of justice cannot be subject to the whims and inordinate delays of litigants . . . in this matrimonial action, where the issues are hotly contested, a fair opportunity should have been afforded" the defendant to have the economic issues relating to this divorce determined with the assistance of counsel of her choice (*Saborio v Saborio, supra* at 470 [internal quotation marks omitted]; *see Stock v Stock,* 127 AD2d 829 [1987]; *Cuevas v Cuevas, supra*).

In light of our determination, we reach no other issue. Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.