■ PAUL FEUER, Respondent, v NANCY COPLEY, Appellant, et al., Defendants. [833 NYS2d 539]—

In an action, inter alia, to recover damages for breach of contract and architectural malpractice, the defendant Nancy Copley appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 19, 2005, as denied that branch of the motion of her outgoing attorney which was made on her behalf, in effect, for an adjournment of the trial, (2) a judgment of the same court entered October 12, 2005, which, upon a jury verdict, is in favor of the plaintiff and against her in the principal sum of $330,371.50, and (3) an order of the same court dated November 28, 2005, which denied her motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or to set aside the verdict as against the weight of the evidence and for a new trial.

Ordered that the appeal from the order dated July 19, 2005 is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and in the exercise of discretion, that branch of the motion of the appellant's outgoing attorney which was made on her behalf, in effect, for an adjournment of the trial is granted, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial on the issues of liability and damages alleged in the complaint as against the appellant and on the appellant's counterclaims and cross claims; and it is further,

Ordered that the appeal from so much of the order dated November 28, 2005, as denied that branch of the appellant's

motion which was for a new trial is dismissed as academic, in light of the determination of the appeal from the judgment; and it is further,

Ordered that the order dated November 28, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the order dated July 19, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated July 19, 2005 are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Approximately two weeks before the commencement of trial, the Supreme Court, in an order dated July 19, 2005, granted that branch of the motion of the attorney for the defendant Nancy Copley (hereinafter Copley) which was for leave to withdraw as counsel, and denied that branch of the attorney's motion which was for "a reasonable stay of proceedings in order [for Copley] to obtain alternate counsel,"—in effect, for an adjournment of the trial, which was scheduled to commence August 5, 2005. Copley, unable to retain counsel, failed to appear at jury selection on that date, and the jury was selected entirely by the plaintiff's counsel and the counsel for the other defendants. Copley appeared on the first day of trial, August 8, 2005, and asserted that she never received a copy of the order, inter alia, denying that branch of her attorney's motion which was, in effect, for an adjournment of the trial. Copley made a second request for an adjournment, explaining that the attorneys she contacted would not represent her unless she obtained an adjournment. The Supreme Court denied her request and proceeded to trial.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying Copley's request for an adjournment so that she could retain counsel (*see Cabral v Cabral*, 35 AD3d 779 [2006]; *McGhee v McGhee*, 263 AD2d 530 [1999]; *Jadar Dev. Corp. v Greenspan*, 230 AD2d 828, 829 [1996]; *Cuevas v Cuevas*, 110 AD2d 873, 877 [1985]; *McCoy v Woodcraft Homes*, 42 AD2d 846, 846-847 [1973]). Accordingly, the appellant is entitled to a new trial. This determination renders academic the appeal from so much of the order dated November 28, 2005 as denied that branch of the appellant's motion which was for a new trial.

The appellant's argument that the verdict against her was unsupported by legally sufficient evidence is unpreserved for

appellate review (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Dileo v Barreca* 16 AD3d 366, 368 [2005]; *Ford v Southside Hosp.*, 12 AD3d 561, 562 [2004]). Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.