(May 20, 2008)

■ MAXINE J. ALLEYNE, Respondent, v ERWIN E. GRANT, Appellant. [858 NYS2d 357]—

In an action, inter alia, for the partition of real property, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Kramer, J.), dated August 2, 2006, as, after a nonjury trial, dismissed his counterclaim for the partition of property located at 954 East 101st Street Brooklyn, New York, and declared that the plaintiff was the sole owner of property located at 2074 East 54th Street, Brooklyn, New York.

Ordered that the judgment is reversed insofar as appealed

from, on the facts and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

After two days of trial, the Supreme Court granted the application by defense counsel to be relieved and directed the defendant to obtain new counsel or proceed pro se. Although the defendant was able to quickly secure new counsel, the court refused to adjourn the case for more than one week to allow the defendant's newly-retained counsel adequate time and opportunity to prepare for the continued trial. Under the circumstances of this case, the court improvidently exercised its discretion in refusing to grant a longer adjournment (*see Feuer v Copley*, 38 AD3d 710 [2007]; *Cabral v Cabral*, 35 AD3d 779 [2006]; *McGhee v McGhee*, 263 AD2d 530 [1999]; *Cuevas v Cuevas*, 110 AD2d 873 [1985]; *McCoy v Woodcraft Homes*, 42 AD2d 846 [1973]). Accordingly, the defendant is entitled to a new trial.

In light of this determination, we need not reach the defendant's remaining contentions. Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.