■ GERALD BUONGIOVANNI, Respondent, v CYNTHIA BUONGIOVANNI, Appellant. (Action No. 1.) CYNTHIA BUONGIOVANNI, Appellant, v GERALD BUONGIOVANNI, Respondent. (Action No. 2.)
[996 NYS2d 674]—

In two related actions for a divorce and ancillary relief, Cynthia Buongiovanni appeals (1) from a judgment of the Supreme Court, Orange County (Onofry, J.), dated August 20, 2012, under index No. 2973/11, and (2), as limited by her brief, from stated portions of an order of the same court dated November 29, 2012, which inter alia, denied that branch of her motion which was, in effect, to vacate the judgment and, sua sponte, directed the dismissal of the action under index No.

4448/10 and directed Gerald Buongiovanni to file a corrected note of issue and statement of readiness under index No. 2793/11.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the action filed under index No. 4448/10 and directed Gerald Buongiovanni to file a corrected note of issue and statement of readiness under index No. 2793/11 is deemed an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, that branch of the appellant's motion which was, in effect, to vacate the judgment is granted, and the matter is remitted to the Supreme Court, Orange County, for further proceedings before a different Justice; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order; and it is further,

Ordered that the appellant is awarded one bill of costs.

Gerald Buongiovanni (hereinafter the husband) commenced an action for a divorce and ancillary relief under index No. 2973/11 (hereinafter action No. 1), and Cynthia Buongiovanni (hereinafter the wife) commenced an action for a divorce and ancillary relief under index No. 4448/10 (hereinafter action No. 2). In August 2011, the wife's attorney withdrew as counsel. In October 2011, the Supreme Court assigned counsel to represent the wife. On January 23, 2012, the husband's attorney filed a note of issue and statement of readiness erroneously in action No. 2 instead of in action No. 1. The wife's assigned counsel was permitted to withdraw on March 16, 2012, five days prior to the start of trial in action No. 1. On the scheduled trial date, the parties appeared in court, at which time only the husband was represented by counsel. The wife requested an adjournment to enable her to obtain counsel and continue conducting discovery. The Supreme Court denied this request and the parties proceeded to trial in action No. 1, resulting in a decision after trial and a judgment of divorce (hereinafter the judgment) incorporating its findings.

The wife then moved, in effect, to vacate the judgment entered in action No. 1 and to strike the note of issue and statement of readiness filed by the husband erroneously in action No. 2. In the order appealed from, the Supreme Court denied that branch of the wife's motion which was, in effect, to vacate the judgment, granted that branch of her motion which was to strike

the note of issue and statement of readiness, sua sponte directed the dismissal of action No. 2, and directed the husband to file a corrected note of issue and statement of readiness in action No. 1, effective January 23, 2012, nunc pro tunc.

As a general rule, a motion for an adjournment is addressed to the trial court's sound discretion (*see Feuer v Copley*, 38 AD3d 710, 711 [2007]; *Cabral v Cabral*, 35 AD3d 779 [2006]; *SKR Design Group, Inc. v Avidon*, 32 AD3d 697, 699 [2006]; *York v York*, 250 AD2d 841 [1998]; *Saborio v Saborio*, 147 AD2d 468, 469 [1989]; *Cuevas v Cuevas*, 110 AD2d 873, 877 [1985]). However, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the wife's request for an adjournment to enable her to obtain counsel and to complete discovery (*see Feuer v Copley*, 38 AD3d at 711; *Cabral v Cabral*, 35 AD3d at 779-780; *Silverman v Caplin*, 194 AD2d 602 [1993]; *Cuevas v Cuevas*, 110 AD2d at 877-878; *Hoffman Music Shop v Honeywell Protection Servs.*, 106 AD2d 857, 858 [1984]; *Rembert v Lipshutz*, 87 AD2d 1004 [1982]).

Accordingly, we remit the matter to the Supreme Court, Orange County, for further proceedings before a different Justice, consistent herewith. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.