Matter of People of State of N.Y. v Emstar Pizza, Inc. (2020 NY Slip Op 04950)





Matter of People of State of N.Y. v Emstar Pizza, Inc.


2020 NY Slip Op 04950


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2015-04033
 (Index No. 17345/14)

[*1]In the Matter of People of State of New York, etc., petitioner-respondent, 
v
Emstar Pizza, Inc., et al., respondents, Emmanuel Onuaguluchi, appellant.


Emmanuel Onuaguluchi, Queens Village, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Seth M. Rokoksy of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Executive Law § 63(12), Emmanuel Onuaguluchi appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Johnny Lee Baynes, J.), entered January 30, 2015. The order and judgment, among other things, is in favor of the petitioner and against Emmanuel Onuoguluchi in the total sum of $789,507.06.
ORDERED that the order and judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the petition in accordance herewith.
In December 2014, the petitioner commenced the instant special proceeding against, among others, Emmanuel Onuaguluchi (hereinafter the appellant), alleging, inter alia, that he had "repeatedly violated" articles 6 and 19 of the Labor Law by failing to pay employees proper wages and had engaged in "illegal activity" in violation of Executive Law § 63(12). On January 30, 2015, less than two months after the commencement of this proceeding, the Supreme Court denied the appellant's request for an adjournment in order to enable him to obtain new counsel. On that date, the appellant declined to sign a settlement agreement, which had been agreed to by the other respondents, while he and those respondents had been represented by the same counsel. The court, inter alia, entered a judgment in favor of the petitioner and against the appellant in the principal sum of $789,507.06.
The granting of an adjournment for any purpose rests within the sound discretion of the court (see Matter of Steven B., 6 NY3d 888, 889; Matter of Anthony M., 63 NY2d 270, 283; Hawes v Lewis, 127 AD3d 921, 922; Diamond v Diamante, 57 AD3d 826, 827), and its determination will not be disturbed absent an improvident exercise of that discretion (see Diamond v Diamante, 57 AD3d at 827). In deciding whether to grant an adjournment, the court must engage in a balanced consideration of numerous relevant factors, including the merit or lack of merit of the proceeding, prejudice or lack thereof to the petitioner, the number of adjournments granted, the lack of intent to deliberately default or abandon the action, and the length of the pendency of the proceeding (see Hawes v Lewis, 127 AD3d at 922; SKR Design Group, Inc. v Avidon, 32 AD3d 697, 699).
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the appellant's request for an adjournment to obtain new counsel (see Buongiovanni v Buongiovanni, 122 AD3d 786, 788; Feuer v Copley, 38 AD3d 710, 711; Cabral v Cabral, 35 AD3d 779, 779-780). There was no prejudice to the petitioner, no lack of diligence by the appellant, and no substantial delay in the proceeding.
In light of our determination, we need not reach the appellant's remaining contentions.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court