■ JENNY O. SABORIO, Appellant, v JORGE SABORIO, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated January 13, 1983, the plaintiff wife appeals from an order of the Supreme Court, Queens County (Modugno, J.H.O.), entered December 10, 1987, which denied her motion for an adjournment and her application for an increase in child support and counsel fees. The appeal brings up for review an order of the same court entered April 20, 1988, which denied the plaintiff's motion for leave to renew her request for increased child support and counsel fees.

Ordered that the appeal from the order entered December 10, 1987, is dismissed, as that order was superseded by the order entered April 20, 1988; and it is further,

Ordered that the order entered April 20, 1988, is reversed, on the law, the order entered December 10, 1987, is vacated and the matter is remitted to the Supreme Court, Queens County, for a hearing on the plaintiff's application for an increase in child support and for counsel fees, to be held before a different Justice or Judicial Hearing Officer; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

After a five-day trial, the plaintiff wife was awarded custody of the parties' three children. The plaintiff's application for increased child support and counsel fees was set down for a separate hearing. A number of adjournments were requested by both parties and granted by the Hearing Officer. The last request was made by defense counsel, who was actually engaged in another matter. On November 11, 1987, the plaintiff's counsel—who had represented the plaintiff for several

years—consulted a surgeon with regard to the discovery of a potentially cancerous mass, and was informed that exploratory surgery would be required in order to ascertain if the mass was malignant. The plaintiff's counsel further advised that her surgeon "recommended that at a minimum", two potentially cancerous internal organs should be removed. After consulting with defense counsel, the plaintiff's counsel informed the Judicial Hearing Officer that her surgery had been scheduled for December 1, 1987, the first available date under the circumstances, and requested an adjournment of the November 30, 1987, hearing date. On November 25, the plaintiff's counsel was informed by telephone through a court clerk that the Judicial Hearing Officer had rejected her request. Subsequent attempts to secure an adjournment from the Supreme Court Justice who had assigned the case to the Judicial Hearing Officer and the Queens County Administrative Justice proved unavailing.

When the parties arrived for the hearing on November 30, 1987, an attorney from the plaintiff's office appeared for the plaintiff's counsel and again requested an adjournment reciting the foregoing circumstances and explaining that he himself was unfamiliar with the substance of the plaintiff's application. The Judicial Hearing Officer denied the adjournment and, without conducting an evidentiary hearing, denied the plaintiff's application for increased child support and counsel fees. The plaintiff now appeals, arguing, *inter alia,* that the Judicial Hearing Officer erred in declining to grant the adjournment under the circumstances. We agree.

As this court has observed, "[t]he law is clear that applications for adjournments for any purpose are ordinarily addressed to the trial court's sound discretion" *(see, Cuevas v Cuevas,* 110 AD2d 873, 877; *People v Spears,* 64 NY2d 698, 699-700; *People v Africk,* 107 AD2d 700, 702). Moreover, "[i]n deciding such applications, the court must 'indulge in a balanced consideration of all relevant factors' " *(see, Cuevas v Cuevas, supra,* at 877, quoting from *Wilson v Wilson,* 97 AD2d 897, 898). Under the circumstances presented, the Judicial Hearing Officer's denial of an adjournment constituted a clear abuse of discretion.

Although the plaintiff's counsel—who had represented the plaintiff from the inception of the litigation—was indisputably confronted by a bona fide medical emergency, the Hearing Officer erroneously declined to adjourn the matter, despite the absence of prejudice to the defendant *(cf., Cuevas v Cuevas, supra,* at 878) since the application for increased child support

was made on behalf of the plaintiff. Nor do we perceive in the record before us, after balancing all the relevant factors, circumstances which would militate against the granting of an adjournment in light of the reasons offered by the plaintiff's counsel. We note in this respect that immediately prior to the November 30, 1987, hearing date, an adjournment had been granted to the defendant on the less compelling ground that defense counsel was actually engaged in another matter. Moreover, that another attorney from the same office subsequently appeared on the plaintiff's behalf does not undermine her assertion that the plaintiff was entitled to the adjournment when it was originally requested so as to permit the attorney familiar with her application to represent her at the hearing *(cf., Matter of Patricia L. v Steven L.,* 119 AD2d 221). In short, "[w]hile we are sensitive to the fact that the efficient administration of justice cannot be subject to the whims and inordinate delays of litigants" *(Stock v Stock,* 127 AD2d 829, *lv dismissed* 69 NY2d 1038), in this matrimonial action, where the issues are hotly contested, a fair opportunity should have been afforded the plaintiff to have her application determined with the assistance of counsel of her choice *(see, Steinbach v Donnelli,* 141 AD2d 630; *Sutter v Nelson,* 126 AD2d 634, 635).

Accordingly, the matter must be remitted for a new hearing which should be held before a different Justice or Judicial Hearing Officer.

In light of our determination, we do not reach the remaining issues which the plaintiff has raised. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.