■ In the Matter of JENNIFER VIDAL, Appellant, v MATTHEW S. MINTZER, Respondent. [765 NYS2d 385] —In consolidated child

custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Spinner, J.), entered August 15, 2002, as denied her petition to modify a previous custody order and granted the father's petition to adjudicate her in contempt for violating previous court orders.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing before a different judge on the mother's petition and for further proceedings before a different judge in connection with the father's petition to adjudicate the mother in contempt in accordance herewith.

After two days of hearings in connection with the mother's petition to modify a previous court order to grant her sole custody of the parties' child and require that visitation with the father be supervised, at which the mother presented the testimony of two witnesses, the matter was adjourned until August 2, 2002, when the mother would continue presenting her case, including her own testimony. On that date, the court acknowledged that it had received a telephone call at 9:30 A.M. from the mother's attorney indicating that he had injured his foot the previous day, that he would not be available that morning, and that he had a doctor's appointment scheduled for 12:45 P.M. that day. The court directed the mother's attorney to appear that afternoon. By 3:20 P.M. the attorney had not appeared. The father's counsel insisted that the matter go forward. The mother requested a recess, during which she called her attorney, and when the court reconvened shortly thereafter, she advised the court that her attorney had broken his foot and was unavailable to appear. She further advised the court that her attorney instructed her to request an adjournment, and that she was not to proceed without her attorney, nor was she to rest her case. The court denied the mother's request for an adjournment and entered a default on the remainder of her case. Based upon the evidence adduced by the mother until that point and upon submissions in a prior proceeding, the court denied the mother's petition.

The court then continued the proceeding to entertain, inter alia, the father's petition to adjudicate the mother in contempt for violating a previous order of custody. The Law Guardian and the father's counsel made statements, and the mother made a statement on her own behalf. The court granted the father's petition and sentenced the mother to a term of incarceration of six months in the Suffolk County Jail, with ex-

ecution of the sentence to be stayed pending strict compliance with the terms and conditions of the original order of custody.

Notwithstanding the prohibition contained in CPLR 5511 against an appeal taken from an order or judgment entered upon the default of an appealing party, the appeal from the order brings up for review those " 'matters which were the subject of contest' " (*Katz v Katz,* 68 AD2d 536, 541 [1979], quoting *James v Powell,* 19 NY2d 249, 256 n 3 [1967]), in the Family Court, namely, the mother's request for an adjournment. While adjournments are within the discretion of the court, "[t]he range of that discretion is narrowed * * * where a fundamental right such as the right to counsel is involved" (*Matter of Patricia L. v Steven L.,* 119 AD2d 221, 226 [1986]). Family Court Act § 262 (a) (v) and (vi) provide that persons involved in custody or contempt proceedings have the right to the assistance of counsel. In deciding applications for adjournments, the court must undertake a balanced consideration of all relevant factors (*see Saborio v Saborio,* 147 AD2d 468, 469 [1989]). Here, the mother's attorney was faced with a "bona fide medical emergency" (*Saborio v Saborio, supra*) which undoubtedly precluded his appearance in court. After balancing the relevant factors, we find that the court improvidently exercised its discretion in denying the mother's application for an adjournment, thereby depriving her of a full and fair evidentiary hearing and her right to counsel (*see Matter of Patricia L. v Steven L., supra; Saborio v Saborio, supra; cf., Matter of McNeill v Ressel,* 258 AD2d 64, 67 [1999]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.