■ In the Matter of STEPHEN L. et al., Children Alleged to be Neglected. JAY T. LEPAGE, as Commissioner of Social Services of Clinton County, Respondent; JUNE L., Appellant. [770 NYS2d 207]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered November 8, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to find respondent in willful violation of an order of protection.

Respondent appeared before Family Court on October 15, 2002 pursuant to a Family Ct Act article 10 petition (dated October 9, 2002) alleging, among other things, that she willfully violated an order of protection. At the October 15 hearing, respondent stated that, although she could not afford an attorney, she wanted the assistance of counsel regarding the allegations of willful violations. Family Court adjourned that aspect of the hearing and then proceeded with a hearing regarding the Law Guardian's application for emergency removal of the children, which was granted.

A hearing on the willful violation was scheduled for November 8, 2002. Respondent reportedly applied for assigned counsel and the application was denied because she was employed. She then contacted and consulted with attorney Livingston Hatch. She appeared before Family Court on November 8, 2002. Hatch, however, was not present. Respondent stated to Family Court that Hatch was her attorney. The court responded that a notice of appearance had not been filed and, therefore, the court considered her not to have an attorney. During a brief recess, an unsuccessful effort was made to contact Hatch. The court noted on the record that someone from Hatch's office "indicated that [Hatch] has had some contact with [respondent] but did not indicate that . . . he was necessarily retained." Family Court again stated that, since no notice of appearance had been filed, Hatch was not her attorney.

Family Court then moved forward to opening statements. When asked if she wanted to make an opening statement, respondent stated that she would like to wait for her attorney. Family Court responded that she did not have an attorney because there was no notice of appearance on file. The hearing proceeded. Willful violations were found by Family Court. Respondent was sentenced to six months in jail, the maximum permitted period of incarceration. Her request to Family Court that the sentence be modified to weekends so that she could keep her job as a correction officer and continue providing financial support for her children was denied. We granted a stay pending determination of this appeal.

The initial issue is whether, under the totality of the prevail-

ing circumstances, Family Court erred in requiring respondent to go forward in the November 8, 2002 hearing without an attorney. Trial courts have considerable discretion whether to adjourn a matter (*see Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Croce v Croce*, 236 AD2d 646, 647 [1997]). That discretion is not, however, without limits, particularly when the right to counsel is implicated (*see Matter of Vidal v Mintzer*, 309 AD2d 756, 758 [2003]; *Matter of Mahoney v Doring*, 256 AD2d 1112, 1112-1113 [1998]; *Matter of Patricia L. v Steven L.*, 119 AD2d 221, 226 [1986]).

Here, there was a little over three weeks for respondent to obtain counsel. After learning that she did not qualify for assigned counsel, she sought out and met with Hatch. It is clear from the record that she arrived at the November 8, 2002 hearing believing that Hatch was her attorney. She stated to Family Court three times at the commencement of proceedings that Hatch was her attorney. Family Court responded that, since no notice of appearance had been filed, she would have to proceed pro se. An effort to reach Hatch was unsuccessful since he was engaged in a criminal matter in an adjoining county. An unidentified person from his office acknowledged that respondent had met with Hatch and provided the ambiguous representation that Hatch was "not . . . necessarily retained."

This is not a case of repeated adjournments (*see Matter of Sara KK.* 226 AD2d 766, 767 [1996], *lv denied* 88 NY2d 808 [1996]) or a situation where no reasonable effort was made to retain counsel over a considerable period of time after firing prior counsel (*see Barnaby v Barnaby*, 259 AD2d 870, 871 [1999]; *Matter of Denise AA. v David AA.*, 237 AD2d 680, 682 [1997]). It is apparent from the record that there was legitimate confusion as to whether respondent had retained Hatch.* It is also evident that from the outset of the hearing respondent faced the potential of incarceration and, with incarceration, the loss of her employment. The rights at risk were substantial. Review of the record reveals that her pro se status hindered her position.

While we are cognizant that the trial courts in this state (and

---

* During a recess after Family Court had sentenced respondent, Family Court read into the record a letter from Hatch that it had received via fax ostensibly after the hearing concluded. Hatch acknowledged meeting with respondent and discussing her case with her. However, since she had not yet signed and returned the various documents required by court rules (*see* 22 NYCRR part 1400) that he had mailed to her, he did not consider that he was retained. Hatch also stated in his letter that respondent had attempted to reach him the night before the hearing to confirm that she had received and signed the paperwork. He was not available and the message had been left on his voice mail.

particularly those dealing with family issues) are faced with maintaining tight schedules to resolve the host of issues that continually come before them, nevertheless "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality" (*Ungar v Sarafite*, 376 US 575, 589 [1964]). Review of the totality of the circumstances in this case persuades us that it was error to compel respondent to proceed pro se at the November 8, 2002 hearing. The remaining issues are academic.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Clinton County for a new hearing before a different judge.