■ In the Matter of CORNELIUS SULLIVAN, Appellant, v MARILYN SULLIVAN, Respondent. [807 NYS2d 103]—

In a custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Suffolk County (Lynaugh, J.), entered September 28, 2004, which denied his motion for leave to reargue and, in effect, to renew his petition, which, after a hearing, had been dismissed in a prior order dated July 6, 2004, and granted the mother's cross motion for an attorney's fee in the sum of $1,645, and (2) an order of the same court, also entered September 28, 2004, which, after a hearing, granted the mother's motion for an award of an attorney's fee in the sum of $10,500.

Ordered that the appeal from so much of the first order entered September 28, 2004, as denied the branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the first order entered September 28, 2004, is modified, on the law and as an exercise of discretion, without costs or disbursements, by deleting the provision thereof granting the cross motion for an award of an attorney's fee in the sum of $1,645, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the second order entered September 28, 2004, is reversed, on the law and as an exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing before a different judge on the mother's motion for an attorney's fee for defending the proceeding.

The mother and father were divorced on May 11, 2000, and primary physical custody of their two children was awarded to the mother. The father subsequently moved to modify the custody arrangement and, after a hearing, the Family Court

dismissed his petition. The father then moved, in effect, for leave to reargue and renew.

The Family Court providently exercised its discretion in denying that branch of the father's motion which was, in effect, for leave to renew because the father failed to serve the motion upon the Law Guardian, whose participation was critical as the application involved modification of custody.

However, the Family Court improvidently exercised its discretion in denying the father's request for an adjournment of the mother's motion and cross motion for counsel fees. While adjournments are within the discretion of the court, "[t]he range of that discretion is narrowed . . . where a fundamental right such as the right to counsel is involved" (*Matter of Patricia L. v Steven L.*, 119 AD2d 221, 226 [1986]). In deciding applications for adjournments, the court must undertake a balanced consideration of all relevant factors (*see Matter of Vidal v Mintzer*, 309 AD2d 756, 758 [2003]; *Saborio v Saborio*, 147 AD2d 468, 469 [1989]). Here, the father's attorney was faced with a "bona fide medical emergency" (*Matter of Vidal v Mintzer, supra* at 758, citing *Saborio v Saborio, supra*) which undoubtedly precluded her appearance in court. That another attorney from the same office subsequently appeared on the father's behalf does not undermine the father's assertion that he was entitled to the adjournment when it was originally requested so as to permit the attorney familiar with the matter to represent him at the hearing (*see Saborio v Saborio, supra*, citing *Matter of Patricia L. v Steven L., supra*). After balancing the relevant factors, we find that the Family Court improvidently exercised its discretion in denying the father's request for an adjournment, thereby depriving him of a full and fair evidentiary hearing with the assistance of counsel of his choice (*see Matter of Vidal v Mintzer, supra; Matter of Patricia L. v Steven L., supra; Saborio v Saborio, supra; cf. Matter of McNeill v Ressel*, 258 AD2d 64, 67 [1999]). Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.