■ In the Matter of LISA KEENAN, Respondent, v JUDE J. KEENAN, Appellant. [857 NYS2d 328]—

Stein, J. Appeals from three orders of the Family Court of Ulster County (Mizel, J.), entered May 2, 2007, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support and committed respondent to the Ulster County jail for a term of three months.

Respondent was required by court order to pay petitioner $250 per week as child support for the parties' three children effective January 20, 2006. Thereafter, petitioner commenced

this proceeding alleging a willful violation of the support order. At his initial appearance, respondent informed the Support Magistrate (Beisel, S.M.) that he did not want to represent himself and that he needed assigned counsel. The Support Magistrate informed respondent that a public defender application would be mailed to him and that he should return it to the court immediately because a trial would be conducted within 30 days. When the proceedings resumed, respondent asserted that he had not received any papers in the mail regarding applying for a lawyer. The Support Magistrate indicated that the public defender application had been mailed to respondent approximately one month earlier, and that he was not permitted to adjourn the case more than once in order for respondent to obtain an attorney; he then proceeded with the hearing.

Based upon the testimony adduced at the hearing, the Support Magistrate then set child support arrears at $8,750, found that respondent had failed to present an excuse for his failure to pay and recommended a six-month period of incarceration to be suspended conditioned upon payment of the arrears and keeping the child support payments current. Before adjourning the matter for a confirmation hearing before Family Court, the Support Magistrate stated that he would send respondent another public defender application and instructed respondent to return it immediately.

When Family Court called respondent a few weeks later, he indicated that he had not been notified of a proceeding that day, that he had not received a copy of the Support Magistrate's order and that he wished to apply for assigned counsel. Family Court advised respondent that the court would send him a financial affidavit and a copy of the Support Magistrate's order and "strongly recommend[ed] that [he] make sure [he] speak[s] with counsel."

Respondent was assigned counsel on April 30, 2007. The notice of assignment of counsel indicates that the matter had been scheduled for the following day for the purpose of "Warrant Review." On May 1, 2007, Family Court conducted a willfulness hearing, with respondent's assigned counsel present and respondent appearing by telephone (as he resided out of state). Respondent's counsel emphasized that he had been assigned the previous day and that he had only had a brief conversation with respondent, as the notice of his assignment indicated that the matter was on for warrant review. Counsel further indicated that respondent did not have the ability to pay the arrears, but that he did not have any documentation to support his position. Nevertheless, the court confirmed the willfulness finding of the

Support Magistrate and issued three orders, namely a money judgment against respondent in favor of the Ulster County Department of Social Services in the amount of $1,000, a willfulness determination order and an order committing respondent to the Ulster County jail for three months. Respondent now appeals from these three orders. We reverse.

Family Court effectively deprived respondent of his right to counsel. A person has the right to the assistance of counsel "in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or in willful violation of a previous order of the court" (Family Ct Act § 262 [a] [vi]; *see* Family Ct Act § 261).

"Trial courts have considerable discretion whether to adjourn a matter. That discretion is not, however, without limits, particularly when the right to counsel is implicated" (*Matter of Stephen L.*, 2 AD3d 1229, 1231 [2003] [citations omitted]; *see Matter of Sullivan v Sullivan*, 24 AD3d 455, 456 [2005]). Here, the Support Magistrate could have granted respondent a second adjournment to obtain counsel upon a showing of good cause (*see* 22 NYCRR 205.43 [c], [d] [3]), but erroneously believed that he could not do so. The Support Magistrate improvidently exercised his discretion in refusing to grant a further adjournment, as this was not a case where there had been repeated adjournments, respondent alleged that he had not received the public defender application and, in fact, there was some testimony that respondent was having difficulty getting his mail (*see Matter of Sullivan v Sullivan*, 24 AD3d at 456; *Matter of Brunelle v Bibeau*, 18 AD3d 927, 929 [2005]; *Matter of Stephen L.*, 2 AD3d at 1231). Thus, respondent's right to counsel in the hearing before the Support Magistrate was violated (*see Matter of Wilson v Bennett*, 282 AD2d 933, 935 [2001]; *see generally Matter of Anderson v Hailey*, 13 AD3d 911, 912 [2004]).

Family Court's subsequent assignment of counsel did not cure the violation. "The right of counsel implies that the court will give a respondent and his [or her] counsel a reasonable opportunity to appear and present evidence and arguments" (*Matter of DeMarco v Raftery*, 242 AD2d 625, 626 [1997] [citation omitted]). It cannot be said that respondent had such an opportunity where, as here, respondent's counsel was assigned only one day before the hearing date, had no notice that the court would be conducting a willfulness hearing on that date and consulted only briefly with respondent. Although Family Court took some testimony regarding respondent's alleged inability to comply with his support obligations, respondent claimed to have documentary evidence of disputed payments

which might have been presented to the Support Magistrate and/or to Family Court on the respective hearing dates if respondent had been properly advised and prepared by counsel. Similarly, counsel may have been better able to present respondent's testimony and to cross-examine petitioner if he had sufficient time to consult with respondent. Thus, notwithstanding respondent's apparent concession that he did not make all of the required support payments and credibility issues concerning his excuse for failing to do so, given the liberty interest involved, a new hearing is required (*see Matter of Brunelle v Bibeau*, 18 AD3d at 929; *Matter of Lee v Stark*, 1 AD3d 815, 816 [2003]; *Matter of Wilson v Bennett*, 282 AD2d at 934-935).

Mercure, J.P., Peters, Kane and Kavanagh, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision.