■ In the Matter of ELIZABETH SCOTT, Respondent, v CEDRIC SCOTT, Appellant. [879 NYS2d 488]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Klein, J.), dated December 12, 2008, which confirmed an order of the same court (Thompson, S.M.), dated July 9, 2008, made after a hearing, inter alia, finding that he willfully violated a prior order of support and recommending that he be incarcerated for a period of six months, and (2) an order of commitment of the same court (Klein, J.), also dated December 12, 2008, which, upon the order dated December 12, 2008, committed him to the Westchester County jail for a term of six months unless he paid the sum of $10,000.

Ordered that the order dated December 12, 2008 and the order of commitment are reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County for further proceedings in accordance herewith.

On July 1, 2008, after the mother's enforcement and violation petition had been pending for more than 1½ years, the father was detained on a warrant and appeared with newly-assigned counsel. The following day, the court acceded to the mother's request that the willfulness hearing be held quickly and set July 9, 2008 as the date for the hearing. At the same time, assigned counsel for the father stated that he would be unable to represent him due to scheduling conflicts and that at the next court date new counsel would have to be assigned. On the scheduled date, the father was assigned new counsel, who twice on the record requested an adjournment in order to investigate whether his client had been served with the parties' judgment

of divorce, which gave him notice of his obligation to pay support, and to secure medical evidence in support of his contention that he was disabled and thus unable to pay support. The Support Magistrate denied both requests. At the conclusion of the hearing, the Support Magistrate found that the father had willfully failed to comply with his obligation to pay support and recommended that he be incarcerated for a period of six months. The Family Court Judge confirmed the Support Magistrate's determination and committed the father to six months incarceration unless he purged himself of his contempt by paying $10,000 toward arrears.

A person who faces the possibility of imprisonment stemming from the willful violation of a previous order of the court has the right to the assistance of counsel (*see* Family Ct Act § 262 [a] [vi]; *Matter of Keenan v Keenan,* 51 AD3d 1075, 1077 [2008]). The right to counsel implies that the court will afford a respondent and his or her attorney a reasonable opportunity to appear and present evidence and arguments (*see Matter of Keenan v Keenan,* 51 AD3d at 1077; *Matter of DeMarco v Raftery,* 242 AD2d 625, 626 [1997]). While the decision whether to grant an adjournment is ordinarily committed to the sound discretion of the trial court, that discretion is more circumscribed when fundamental rights such as the right to counsel are implicated (*see* Family Ct Act § 435 [a]; *People v Spears,* 64 NY2d 698, 700 [1984]; *Matter of Keenan v Keenan,* 51 AD3d at 1077; *Matter of Sullivan v Sullivan,* 24 AD3d 455, 456 [2005]).

Here, the Support Magistrate abused her discretion in twice denying the request of the father's newly-assigned counsel for an adjournment. Counsel needed an opportunity to confer with his client before he testified, investigate service of the judgment of divorce, and secure medical evidence in support of the father's defense that he was disabled and thus unable to pay support. Accordingly, the father was denied his right to counsel and a new hearing must be held and a new determination made (*see Matter of Keenan v Keenan,* 51 AD3d at 1077; *Matter of Vazana v Vazana,* 32 AD3d 478 [2006]).

The father's remaining contentions are without merit. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.