■ In the Matter of ANITA BARNES, Appellant, v MICHAEL McKOWN, Respondent. [903 NYS2d 843]—

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered October 22, 2008. The order, among other things, dismissed the petition to modify a custody order.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Petitioner mother, who resides in Florida, commenced this proceeding seeking to modify an order granting sole custody of the parties' child to respondent father, who resides in New York. She contends that Family Court erred in refusing to allow her to testify at the custody hearing by electronic means because the court was required to allow her to do so. We reject that contention. Indeed, pursuant to the express language of Domestic Relations Law § 75-j (2), "[a] court of this state *may* permit an individual residing in another state to be deposed or to testify by . . . electronic means before a designated court or at another location in that state" (emphasis added). Contrary to the alternative contention of the mother, the court was not required to allow her to testify by electronic means as a reasonable accommodation under the Americans with Disabilities Act (42 USC § 12101 *et seq.*), inasmuch as she failed to meet her burden of demonstrating that she has a covered disability under that act (*see generally Matter of Abram v New York State Div. of Human Rights*, 71 AD3d 1471 [2010]).

We note, however, that both the attorney for the child and the father correctly conceded at oral argument of this appeal that

the court erred in making any future filings by the mother contingent on her submission of medical proof establishing her ability to travel to New York. We therefore modify the order accordingly. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.