■ In the Matter of MARY KRISCHE, Respondent, v ROBERT SLOAN, Appellant. [953 NYS2d 876]—

In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Edwards, J.), dated November 18, 2011, which, upon his default in appearing at a fact-finding hearing, granted the mother's petition to modify a prior visitation order of the same court dated September 23, 2008, so as to, inter alia, require his future visitation with the subject children to take place in a supervised setting.

Ordered that the appeal from the order is dismissed except insofar as it brings up for review the denial of the father's request for an adjournment or for leave to appear in court telephonically (see CPLR 5511; see also Matter of Paulino v Camacho, 36 AD3d 821 [2007]; Katz v Katz, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Where, as here, the order appealed from was made upon the appellant's default, review is limited to matters which were the subject of contest below (see Matter of Paulino v Camacho, 36 AD3d 821 [2007]; James v Powell, 19 NY2d 249, 256 n 3 [1967]; Brown v Data Communications, 236 AD2d 499, 499 [1997]). Accordingly, in this case, review is limited to the denial of the father's request for an adjournment or for leave to appear in court telephonically (see Tun v Aw, 10 AD3d 651, 652 [2004]; Brown v Data Communications, 236 AD2d at 499).

Whether to grant a party's request for an adjournment "is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]; see Matter of

*Vidal v Mintzer*, 309 AD2d 756, 758 [2003]). Here, the Family Court did not improvidently exercise its discretion in denying the father's request for an adjournment or for leave to appear in court telephonically (*cf. Matter of Vidal v Mintzer*, 309 AD2d at 758; *Saborio v Saborio*, 147 AD2d 468 [1989]). In addition, the father was not denied the effective assistance of counsel (*see Matter of Janelle C. [Sean R.]*, 88 AD3d 787 [2011]). Eng, P.J., Skelos, Lott and Cohen, JJ., concur.