# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

740

CAF 12-00935

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF CHRISTY S.,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

PHONESAVANH S., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

SCOTT T. GODKIN, UTICA, FOR RESPONDENT-APPELLANT.

PAUL SKAVINA, ROME, FOR PETITIONER-RESPONDENT.

A.J. BOSMAN, ATTORNEY FOR THE CHILD, ROME.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered March 27, 2012 in a proceeding pursuant to, inter alia, Family Court Act article 6. The order determined that the mother should have sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Pursuant to a 2008 stipulated joint custody order, respondent father had primary physical custody of the child who is the subject of these proceedings. In April 2011, petitioner in appeal No. 2, Oneida County Department of Social Services (DSS), commenced a neglect proceeding pursuant to Family Court Act article 10 against the father. The child was removed from the home and placed in foster care, and thereafter DSS placed the child with petitioner in appeal No. 1, the mother of the child. The mother filed a petition pursuant to Family Court Act article 6 seeking to modify the 2008 joint custody order by awarding her sole custody of the child. A hearing was held on the neglect petition, and Family Court determined that the father had neglected the child. A trial was then held on the modification petition, and the court granted sole custody of the child to the mother. In appeal No. 1, the father appeals from the order granting the mother sole custody on the modification petition and, in appeal No. 2, he appeals from the dispositional order on the neglect petition.

Addressing first appeal No. 2, we conclude that, contrary to the father's contention, DSS established by a preponderance of the evidence that the child is a neglected child (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The evidence established that the

child's emotional condition has been impaired as a result of the father's "bizarre and paranoid behavior," which resulted in the child being frightened and depressed (*Matter of Faith J.*, 47 AD3d 630, 630; *see generally Nicholson v Scoppetta*, 3 NY3d 357, 371-372). The child's out-of-court statements were adequately corroborated by the father's statements to the DSS caseworker (*see Matter of Karl L.*, 224 AD2d 841, 842-843) and the child's testimony (*see generally Matter of Christina F.*, 74 NY2d 532, 536-537).

With respect to appeal No. 1, the adjudication of neglect constituted a change in circumstances that warranted a determination whether a modification of the custody arrangement set forth in the 2008 joint custody order was in the best interests of the child (*see Matter of Mark RR. v Billie RR.*, 95 AD3d 1602, 1602-1603; *Matter of Jeremy J.A. v Carley A.*, 48 AD3d 1035, 1036), and we conclude that the court properly determined that it was in the child's best interests for the mother to have sole custody.

Entered:  July 19, 2013                          Frances E. Cafarell
                                                 Clerk of the Court