In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James, Ct. Atty. Ref.), dated April 30, 2012, which, after a hearing, denied her petition to modify a prior or *704 der of the same court dated September 13, 2010, entered upon the stipulation of the parties, so as to award her sole legal and physical custody of the parties’ child and to require that visitation with the father be supervised, and dismissed the proceeding with prejudice.
Ordered that the order dated April 30, 2012, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a new hearing before a different court attorney referee and a new determination of the petition thereafter.
The mother filed a petition to modify a prior order of the Family Court dated September 13, 2010, so as to award her sole legal and physical custody of the parties’ child and to require that visitation with the father be supervised. After the third day of a hearing on the petition, during cross-examination of the mother, the mother requested that she be allowed to substitute her court-appointed counsel with counsel that she privately retained. The privately retained counsel sought a one-week adjournment of the hearing to obtain the transcript of the prior testimony and to prepare for the continuation of the hearing. The Family Court denied the request for an adjournment and advised the mother that she could choose to continue with one or both counsel, who were present in the courtroom, or proceed without counsel that afternoon, or have the court make a decision based on the incomplete record. The mother chose the latter option. Based upon the evidence adduced by the mother until the point of the adjournment request, the Family Court denied the mother’s petition and dismissed the proceeding with prejudice.
The granting of an adjournment for any purpose is a matter resting within the sound discretion of the Family Court, upon a balanced consideration of all relevant factors (see Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841 [2011]; Matter of Ciccone v Ciccone, 73 AD3d 1052, 1052 [2010]; Matter of Venditto v Davis, 39 AD3d 555 [2007]). The range of the court’s discretion is narrowed where a fundamental right such as the right to counsel in a matter involving custody of a child is involved (see Matter of Savoca v Bellofatto, 104 AD3d 695, 697 [2013]; Matter of Evan F., 29 AD3d 905, 907 [2006]; Matter of Sullivan v Sullivan, 24 AD3d 455, 456 [2005]; Matter of Vidal v Mintzer, 309 AD2d 756, 758 [2003]). Here, the Family Court improvidently exercised its discretion in denying the mother’s request for a one-week adjournment. Under the circumstances of this case, the Family Court should have exercised its discretion to grant *705 the one-week adjournment request rather than requiring the mother to choose between proceeding with the hearing that afternoon with the court-appointed attorney, whom the mother expressed she no longer wanted to represent her and who made an application to be relieved as counsel, or the privately retained attorney or both of them, or submitting the matter for a decision even though the record was incomplete (see Matter of Savoca v Bellofatto, 104 AD3d at 697; Matter of Evan F., 29 AD3d at 907). Accordingly, we reverse the order appealed from, reinstate the petition, and remit the matter to the Family Court, Suffolk County, for a new hearing before a different court attorney referee and a new determination of the petition thereafter. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.