■ In the Matter of Julie Sacks, Petitioner, v Barbara Abraham, Respondent. (Proceeding No. 1.) In the Matter of Barbara Abraham, Appellant, v Julie Sacks et al., Respondents. (Proceeding Nos. 2-5.) [980 NYS2d 525]—

In proceedings, inter alia, pursuant to Family Court Act article 6 (proceeding No. 1) and Domestic Relations Law § 72 for grandparent visitation (proceeding Nos. 2-5), the maternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Greenwald, J.), dated January 17, 2013, as, upon her failure to appear for a fact-finding hearing, the denial of her application for leave to appear in court telephonically, and the denial of her attorney's application for an adjournment, dismissed her petitions, with prejudice.

Ordered that the appeal from the order is dismissed except insofar as it brings up for review the denial of the grandmother's application for leave to appear in court telephonically and the grandmother's attorney's request for an adjournment (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

On June 21, 2012, after several appearances, conferences, and

adjournments, the grandmother's petitions for grandparent visitation were scheduled for a fact-finding hearing on August 29, 2012. The grandmother, who lived in Florida and was present in court on June 21, 2012, indicated that she could not come back to New York on August 29, 2012, and requested that she be allowed to appear at the hearing by telephone. The Family Court denied the application, and told the grandmother that she could either withdraw her petitions immediately, without prejudice, and re-file them at a later date, or appear in court for the fact-finding hearing on August 29, 2012. The grandmother did not withdraw the petitions, and did not appear in court on August 29, 2012. Her attorney did appear, informed the court that the grandmother had injured her wrist and therefore could not travel because she used a walker, and requested an adjournment. The court denied the attorney's application and dismissed the grandmother's petitions, with prejudice, based upon a finding that the grandmother failed to prosecute the case.

A party may not appeal from an order or judgment entered upon his or her default (*see* CPLR 5511; *Matter of Kondratyeva v Yapi*, 13 AD3d 376, 376 [2004]). The proper procedure in such instance is to move to vacate the default and, if necessary, appeal from the denial of the motion to vacate (*see* CPLR 5015 [a] [1]; *Matter of Taurins v Taurins*, 108 AD3d 723, 724 [2013]; *Matter of Kondratyeva v Yapi*, 13 AD3d at 376-377). An order entered upon the default of the appealing party, however, brings up for review those matters which were the subject of contest (*see Matter of Kalantarov v Kalantarova*, 109 AD3d 471, 472 [2013]; *Matter of Krische v Sloan*, 100 AD3d 758, 758 [2012]; *Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Tun v Aw*, 10 AD3d 651, 652 [2004]). Accordingly, since the order appealed from was entered upon the grandmother's default, review is limited to those matters which were the subject of contest in the Family Court, namely the denial of the grandmother's application to appear in the proceeding by telephone and the denial of the request made by the grandmother's counsel for an adjournment (*see Matter of Kalantarov v Kalantarova*, 109 AD3d at 472; *Matter of Krische v Sloan*, 100 AD3d at 758; *Matter of Paulino v Camacho*, 36 AD3d at 822).

The granting of an adjournment rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors (*see Matter of Feliciano v King*, 108 AD3d 703, 704 [2013]; *Matter of Latrell S. [Christine K.]*, 80 AD3d 618, 619 [2011]; *see also Matter of Krische v Sloan*, 100 AD3d at 758). Here, the Family Court did not improvidently exercise its discretion in denying the application made by the grandmother's at-

torney for an adjournment (*see Matter of Krische v Sloan*, 100 AD3d at 758). Nor did the court improvidently exercise its discretion in denying the grandmother's request to appear in the proceeding telephonically (*see id.*; *see also Matter of Kalantarov v Kalantarova*, 109 AD3d at 472). Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.