# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**422**
**CAF 14-00906**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF THOMAS B. AND DAGAN B.
------------------------------------------------
ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                                        MEMORANDUM AND ORDER

CALLA B., RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

GARY L. CURTISS, COUNTY ATTORNEY, CANANDAIGUA (HOLLY A. ADAMS OF COUNSEL), FOR PETITIONER-RESPONDENT.

TIFFANY M. SORGEN, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

---

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered April 17, 2014 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject children under the care and custody of petitioner pending the next permanency hearing.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the disposition, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Ontario County, for a new dispositional hearing in accordance with the following memorandum: In this neglect proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of disposition that, inter alia, continued the placement of her two children in the care and custody of petitioner Ontario County Department of Social Services (DSS). The mother's appeal also brings up for review an order of fact-finding determining that she neglected the subject children (*see* CPLR 5501 [a] [1]; *Matter of Bradley M.M. [Michael M.—Cindy M.]*, 98 AD3d 1257, 1258).

Contrary to the mother's contention, we conclude that the order of disposition was properly entered upon her default based on her failure to appear on the date scheduled for the dispositional hearing. On that date, the mother's retained attorney appeared in Family Court, notwithstanding that the mother had directed that attorney to "remove [him]self fro[m] the case and have the court reassign counsel," and he objected to the entry of a default order on the basis that the mother "should continue to have input through an attorney." The court then assigned a new attorney for the mother, and that attorney declined to be heard on DSS's application for a default order. Under those

circumstances, where neither attorney was both willing and authorized to proceed with the hearing in the mother's absence, we conclude that the court properly determined that the mother's failure to appear constituted a default (*see Matter of Aaron C. [Grace C.]*, 105 AD3d 548, 548-549; *Matter of Tiara B.* [appeal No. 2], 64 AD3d 1181, 1181-1182; *cf. Bradley M.M.*, 98 AD3d at 1258).  The mother's appeal is therefore "limited to matters which were the subject of contest" in the proceedings below (*Matter of Yu F. [Fen W.]*, 122 AD3d 761, 762), including issues involving the fact-finding hearing, at which the mother was present, and rulings made by the court prior to the dispositional hearing (*see James v Powell*, 19 NY2d 249, 256 n 3, *rearg denied* 19 NY2d 862; *Matter of Lucinda A. [Luba A.]*, 120 AD3d 492, 493, *lv denied* 25 NY3d 962, *rearg denied* 25 NY3d 1195; *see generally Paul v Cooper* [appeal No. 2], 100 AD3d 1550, 1551, *lv denied* 21 NY3d 855).

We conclude that DSS established by a preponderance of the evidence that the children were neglected as a result of the mother's mental illness (*see Yu F.*, 122 AD3d at 762; *see generally* Family Court Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368-369).  The evidence at the hearing established that the mother engaged in " 'bizarre and paranoid behavior' " toward the older child that placed his physical, mental, or emotional condition in imminent danger of becoming impaired, and that such behavior took place in the presence of the younger child at times and thereby exposed him to a similar danger (*Matter of Christy S. v Phonesavanh S.*, 108 AD3d 1207, 1208; *see Matter of Senator NN.*, 11 AD3d 771, 772; *Matter of Nicole Q.*, 242 AD2d 915, 916; *see generally Matter of Alexis H. [Jennifer T.]*, 90 AD3d 1679, 1680, *lv denied* 18 NY3d 810).  Contrary to the mother's contention, a finding of neglect based on mental illness need not be supported by a particular diagnosis or by medical evidence (*see Matter of Caress S.*, 250 AD2d 490, 490; *Matter of Zariyasta S.*, 158 AD2d 45, 48).

We agree with the mother, however, that the court should have allowed her to appear by telephone pursuant to Domestic Relations Law § 75-j at the dispositional hearing.  That issue was contested below and is thus reviewable despite the mother's subsequent default (*see Matter of Krische v Sloan*, 100 AD3d 758, 758).  The record establishes that the mother moved to Florida, with financial assistance from DSS, during the period between the fact-finding hearing and the dispositional hearing.  She requested permission to make future appearances by telephone, and the court denied the request, citing "the facts and circumstances of the case" and its preference that the mother be present "as any party of the proceeding should be present." While section 75-j does not require courts to allow testimony by telephone or electronic means in all cases (*see Matter of Barnes v McKown*, 74 AD3d 1914, 1914, *lv denied* 15 NY3d 708, *cert denied* 562 US 1234), we conclude that the ruling here, in which the court failed to consider the impact of the mother's limited financial resources on her ability to travel to New York, was an abuse of discretion (*see DeJac v DeJac*, 17 AD3d 1066, 1067-1068; *cf. Krische*, 100 AD3d at 759; *see generally Matter of Eileen R. [Carmine S.]*, 79 AD3d 1482, 1485-1486). We therefore modify the order by vacating the disposition, and we

remit the matter to Family Court for a new dispositional hearing (*see generally Matter of Tyler W. [Stacey S.]*, 121 AD3d 1572, 1573). Because the older child is now over 18 years old and can no longer be considered a neglected child, a new dispositional hearing need be held only with respect to the younger child (*see Matter of Daniel W.*, 37 AD3d 842, 843; *Matter of John S.*, 175 AD2d 207, 208-209; *see generally* Family Ct Act § 1012 [f]; *Matter of Helen L.O. v Mark L.O.*, 37 AD3d 1190, 1190-1191, *lv denied* 8 NY3d 812).

Entered:  May 6, 2016                          Frances E. Cafarell
                                               Clerk of the Court