# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1072**
**CAF 15-00375**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF LATONIA W., NEIGHYA W.,
AND CECELIA M.W.
-------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ANTHONY W., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF
COUNSEL), FOR RESPONDENT-APPELLANT.

MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER, FOR
PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Dandrea
L. Ruhlmann, J.), entered January 23, 2015 in a proceeding pursuant to
Social Services Law § 384-b. The order, inter alia, terminated
respondent's parental rights.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In a proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia,
revoked a suspended judgment and terminated his parental rights with
respect to the subject children. Contrary to the father's contention,
Family Court did not abuse its discretion in denying his requests to
adjourn the hearing on the petition seeking to revoke the suspended
judgment.

It is well settled that "[t]he grant or denial of a motion for
'an adjournment for any purpose is a matter resting within the sound
discretion of the trial court' " (*Matter of Steven B.*, 6 NY3d 888,
889, quoting *Matter of Anthony M.*, 63 NY2d 270, 283). With respect to
the father's contention that the court erred in denying his request to
adjourn the hearing so he could contact unnamed witnesses, the father
"failed to demonstrate that the need for the adjournment to subpoena
the witness[es] was not based on a lack of due diligence on the part
of [him] or [his] attorney" (*Matter of Sophia M.G.-K. [Tracy G.-K.]*,
84 AD3d 1746, 1747; *see Steven B.*, 6 NY3d at 889).

Contrary to the father's further contention, the court did not

abuse its discretion in denying his repeated requests to adjourn the hearing to permit him to retain counsel or to permit his allegedly retained counsel to appear.  It is well settled that "[t]he granting of an adjournment [to obtain new counsel] is addressed to the sound discretion of the court . . . In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651, 651, *lv denied* 7 NY3d 717; *see Matter of Cabral v Cabral*, 61 AD3d 863, 863-864; *see generally Anthony M.*, 63 NY2d at 283).  Furthermore, with respect to a criminal proceeding involving a similar right to counsel as the father is afforded in this permanent neglect proceeding (*see generally Matter of Ella B.*, 30 NY2d 352, 356-357), the Court of Appeals has "held that a defendant may not use the right to counsel of choice 'as a means to delay judicial proceedings . . . ' [Thus,] appellate courts must recognize 'a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar' " (*People v O'Daniel*, 24 NY3d 134, 138; *see United States v Gonzalez-Lopez*, 548 US 140, 152).  Here, when the father initially sought an adjournment in the midst of the hearing to retain new counsel, the court indicated that the father could hire an attorney but also said that counsel must appear at the next adjourned date.  Although the father indicated on the next date that he had retained an attorney, no attorney appeared or contacted the court, and the court then denied the father's request for a further adjournment. Under the circumstances presented, including the six-year period during which the permanent neglect proceeding remained pending and the subject children's status remained unsettled, and in light of the father's repeated groundless requests to adjourn the hearing, we cannot conclude that the court erred in determining that the father's request was merely another delaying tactic, nor do we conclude that it abused its discretion in denying the request when the father's allegedly retained counsel did not appear.  Finally, we note that the father was represented by assigned counsel throughout the proceedings, including during the hearing at issue (*cf. Matter of Stephen L. [June L.]*, 2 AD3d 1229, 1231-1232).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court