Matter of Twania B. v James A.B. (2019 NY Slip Op 04285)





Matter of Twania B. v James A.B.


2019 NY Slip Op 04285


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


9490

[*1]In re Twania B., Petitioner-Respondent,
v
James A.B., Respondent-Appellant.


Daniel R. Katz, New York, for appellant.



Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about April 29, 2016, which, upon a finding of wilful violation of a September 19, 2005 child support order, ordered respondent, the father of subject child Jayda B., committed to the NYC Department of Corrections for 90 days unless he paid $5,000 to the Support Collection Unit, unanimously affirmed, without costs.
The fact-intensive arguments presented on appeal were not raised below and are not determinable from the record, and therefore are not preserved for our review (cf. Watson v City of New York, 157 AD3d 510 [1st Dept 2018]). They largely turn on the question of adequacy of notice to the father of proceedings on January 11, 2016 before a Support Magistrate, during which he was found to have wilfully violated the child support order, and it is not possible to resolve this issue on the record before us. In any event, adequacy of notice as well as the issue of effective representation below, another issue he raises for the first time now, are academic because, during subsequent proceedings in April 2016, the court provided the father new court-appointed counsel and a full and fair opportunity to argue the issue of wilfulness.
During those proceedings, his new counsel raised no notice or effective representation issues concerning the January 11, 2016 appearance, nor tried to deny that her client had not paid child support. She acknowledged he could have sought downward modification but had not, and did not deny that he earned an income, stating only that it fluctuated and could be unpredictable.
Significantly, counsel also did not argue she needed more time to prepare for the hearing, having been appointed the day before, and the father did not try to suggest as much to the court or request an adjournment. In any event, given the father's apparent lack of any excuse for nonpayment, any such adjournment request could have been reasonably denied (cf. Matter of Keenan v Keenan, 51 AD3d 1075 [3d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK