Matter of Shcherbyna v Taylor (2023 NY Slip Op 05611)

Matter of Shcherbyna v Taylor

2023 NY Slip Op 05611

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-02200
2023-02204
 (Docket Nos. V-18380-22, V-18381-22)

[*1]In the Matter of Mykhailo Shcherbyna, et al., appellants, 
v
Randolph J. Taylor, Sr., respondent.

Mykhailo Shcherbyna and Kateryna Levchuk, Tallahassee, Florida, appellants pro se.
Randolph J. Taylor, Sr., Dix Hills, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandparents appeal from two orders of the Family Court, Suffolk County (Mary E. Porter, J.), both dated February 1, 2023. The orders, one as to each child, upon the maternal grandparents' failure to appear on the return date and the denial of their application for leave to appear in court "by audio-visual means" or other electronic means, dismissed their petition for visitation without prejudice.
ORDERED that the appeals from the orders are dismissed except insofar as they bring up for review the denial of the maternal grandparents' application for leave to appear in court "by audio-visual means" or other electronic means (see CPLR 5511); and it is further
ORDERED that the orders are affirmed insofar as reviewed, without costs or disbursements.
Where, as here, the orders appealed from were made upon the default of the maternal grandparents (hereinafter together the grandparents) in appearing, review is limited to matters which were the subject of the contest below (see Matter of Paulino v Camacho, 36 AD3d 821). Accordingly, in this case, review is limited to the denial of the grandparents' application for leave to appear in court "by audio-visual means" or other electronic means (see Matter of Kalantarov v Kalantarova, 109 AD3d 471; Matter of Krische v Sloan, 100 AD3d 758).
Under the facts of this case, the Family Court did not improvidently exercise its discretion in denying the grandparents' application for leave to appear in court "by audio-visual means" or other electronic means (see Domestic Relations Law § 75-j; Matter of Kalantarov v Kalantarova, 109 AD3d 471; Matter of Krische v Sloan, 100 AD3d 758).
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court