Matter of Rodney v Piombino (2024 NY Slip Op 01181)

Matter of Rodney v Piombino

2024 NY Slip Op 01181

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-08396
 (Docket No. V-5651-21/21A)

[*1]In the Matter of Ron Rodney, respondent,
v
Stephanie Piombino, appellant.

David M. Rosoff, White Plains, NY, for appellant.
Riebling & Payton, PLLC, Mount Kisco, NY (Stephen J. Riebling, Jr., of counsel), for respondent.
George E. Reed, Jr., White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Arlene Gordon-Oliver, J.), dated September 21, 2022. The order, insofar as appealed from, upon the mother's failure to appear at a scheduled court appearance, upon the denial of her application for leave to appear virtually, and after an inquest, directed the parties to take the subject child's wishes into consideration for all scheduled parental access.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's application for leave to appear virtually (see CPLR 5511; Katz v Katz, 68 AD2d 536); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
Where, as here, the order appealed from was made upon the mother's default in appearing at a scheduled court conference, review is limited to matters which were the subject of contest below (see Matter of Paulino v Camacho, 36 AD3d 821, 822). Accordingly, in this case, review is limited to the denial of the mother's application for leave to appear virtually in court (see Matter of Shcherbyna v Taylor, 221 AD3d 719, 720; Matter of Kalantarov v Kalantarova, 109 AD3d 471, 472; Matter of Krische v Sloan, 100 AD3d 758).
Under the facts of this case, the Family Court did not improvidently exercise its discretion in denying the mother's application for leave to appear virtually in court (see Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1220; Matter of Shcherbyna v Taylor, 221 AD3d at 720; Matter of Kalantarov v Kalantarova, 109 AD3d at 472; Matter of Krische v Sloan, 100 AD3d 758).
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court