Matter of Malbranche v Mullins (2025 NY Slip Op 01096)

Matter of Malbranche v Mullins

2025 NY Slip Op 01096

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-01778
 (Docket Nos. V-1971-12/22H, V-1989-12/22I)

[*1]In the Matter of Evan Malbranche, respondent,
v
Tivona Mullins, appellant.

Daniel P. Moskowitz, Jamaica, NY, for appellant.
Peter Wilner, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Lauren Norton Lerner, Ct. Atty. Ref.), dated January 8, 2024. The order, insofar as appealed from, upon, inter alia, the mother's failure to appear at a hearing, modified a prior order of the Supreme Court, Queens County (William M. Harrington, J.) dated November 16, 2012, so as to award the father sole legal custody and decision-making authority with respect to the parties' child.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the application of the mother's attorney to allow the mother to attend the hearing virtually (see CPLR 5511; Matter of Anastasia N.A. [Latonia J.], 218 AD3d 563, 564); and it is further,
ORDERED that the order dated January 8, 2024, is affirmed insofar as reviewed, without costs or disbursements.
Where, as here, the order appealed from was made upon the appellant's default in appearing at a scheduled hearing, review is limited to matters which were the subject of contest below (see Matter of Donald M.P. [Martinique P.], 223 AD3d 671, 672; Matter of Harlem H.H. [Coty H.], 218 AD3d 579, 581). Accordingly, in this case, review is limited to the denial of the application of the mother's attorney to allow the mother to attend the hearing virtually (see Matter of Ramirez v Colon, 225 AD3d 704, 705; Matter of Rodney v Piombino, 225 AD3d 603, 604).
Under the circumstances, the mother's contention that the Family Court improvidently exercised its discretion in denying her attorney's application is without merit (see Matter of Rodney v Piombino, 225 AD3d at 604; Matter of Shcherbyna v Taylor, 221 AD3d 719, 720).
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court